# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CHIEN TA HSU,

    Petitioner,

v.                                                            CV 06-0622 MV/WPL

JAMES FRAWNER AND THE
UNITED STATES OF AMERICA,

    Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Petitioner filed a petition for writ of habeas corpus claiming that he is being illegally detained by the Bureau of Immigration and Customs Enforcement (ICE). (Doc. 1.) The only specific relief requested by Petitioner is that he be released. (Doc. 1 (Petition) at 6.)[1]

On September 14, 2006, Respondents filed a motion to dismiss. (Doc. 5.) Respondents argue that the petition is moot because Petitioner was released from ICE custody and placed on conditions of supervised release on the date the motion to dismiss was filed. (*Id.* at 1-2, Ex.1.) Respondents served the motion to dismiss on Petitioner in care of the Department of Homeland Security in Washington, D.C.

On September 15, 2006, I issued an order allowing Petitioner until October 10, 2006 to file a response to the motion to dismiss. (Doc. 6.) The Clerk was directed to serve the order on Petitioner by mailing a copy to the correctional center where he had been housed and to the Department of Homeland Security. (*Id.*) To this date, no response has been filed.

---

[1] The petition was drafted by counsel, but Petitioner subsequently decided to proceed pro se. (Doc. 4.)

I agree with Respondents that Petitioner's release from custody renders his habeas petition moot. *See, e.g., Boyce v. Ashcroft*, 268 F.3d 953, 954 (10th Cir. 2001). Therefore, the petition should be dismissed unless an exception to the mootness doctrine applies.

The Tenth Circuit has recognized four exceptions to the mootness doctrine: 1) secondary or collateral injuries will survive after resolution of the primary injury; 2) the issue is capable of repetition while evading review; 3) the respondent voluntarily ceases an illegal practice but is free to resume it at any time; and 4) the case is a properly certified class action. *Riley v. Immigration & Naturalization Serv.*, 310 F.3d 1253, 1257 (10th Cir. 2002). This case is not a class action. Moreover, I agree with Respondents that there is nothing in the record before me to indicate that the other exceptions apply. *See id.*

### Recommendation

I recommend that the motion to dismiss (Doc. 5) be granted and that the petition for writ of habeas corpus (Doc. 1) be dismissed without prejudice.

### Directions for Service

The Clerk shall serve this document on Petitioner by mailing a copy to:

Chien Ta Hsu
Regional Correctional Center
415 Roma Avenue, NW
Albuquerque, NM 87102; and

Chien Ta Hsu
c/o Office of Detention and Removal Operations
U.S. Department of Homeland Security
801 I Street, NW
Washington, DC 20536

> **THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.**

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE